UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

RANCE LEE SMITH                                                   PLAINTIFF

v.                                       CIVIL ACTION NO. 4:10CV-P22-M

DAVID OSBOURNE                                         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Rance Lee Smith, a pretrial detainee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, against Daviess County Detention Center Jailer David Osbourne. The complaint alleges in its entirety: "I was in a cell with some state inmates. One of the state inmate's attacked me and sent me to the hospital. It cut my right ear and lost some of my hearing." Plaintiff seeks $10 million in damages.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

Plaintiff sues Defendant Osbourne in his official capacity only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity suit against Defendant Osbourne is, therefore, actually against Daviess County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

Here, Plaintiff has failed to demonstrate either prong. Plaintiff states no facts alleging any wrongdoing by, or setting forth any cognizable constitutional claim against, any governmental entity, officer, or employee. Plaintiff has not alleged that any officer or employee of the DCDC or that the inmate who attacked him acted pursuant to a county policy or custom in causing his alleged harm. He merely claims that a fellow inmate attacked him causing him injury. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim.

The Court will enter a separate Order dismissing this action.

Date:

cc: Plaintiff, *pro se*
     Defendant
     Daviess County Attorney
4414.005